## WILLIAMS *v.* HASTINGS.

An action cannot be maintained to recover compensation for labor and
services, not of necessity or mercy, performed on Saturday, Sunday,
and Monday, under an entire contract made in contemplation of part
performance on Sunday.

ASSUMPSIT.   Facts found by a referee.   The plaintiff, Thursday,
August 10, 1876, took a job of the defendant to move his goods
from Manchester to New London for $20, he to bear the plain-
tiff's expenses, and fixed upon Saturday as the day to start from
New London.   The parties started on the day fixed, reached Man-
chester the same night, loaded the goods, and started back Sunday
morning at 3 o'clock.   They fed their team and breakfasted alone
at Goffstown, calling the landlord to serve them, and stopped two
hours, talking with the landlord and others.   At Contoocookville
they fed their horses, saw and talked with people, and went on to
South Sutton, where they arrived at 12½ o'clock Monday morning.
They travelled by night to avoid the heat.   They met many peo-
ple during the day.   Monday they arrived at New London.   There
was no express agreement to return or travel on Sunday, but the
plaintiff expected to do so when he took the job.

*Flanders*, for the plaintiff.

*Shirley*, for the defendant.

CLARK, J.   At the time of making the contract to move the
defendant's goods, the plaintiff contemplated a part performance of
it on Sunday, and the subsequent performance was in part on that
day.   The removal of the goods was not a work of necessity or
mercy, and therefore the contract, being in violation of Gen. St., *c.*
255, *s.* 3, was illegal.   The contract being entire, the plaintiff can-
not recover for the labor performed on Saturday and Monday.
*Kidder* v. *Blake*, 45 N. H; 530; *Bixby* v. *Moor*, 51 N. H. 402.

*Judgment for the defendant.*

ALLEN, J., did not sit: the others concurred.